UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

ADAM SANDLER,

                              Plaintiff,

                  -v-

MONTEFIORE HEALTH SYSTEM, INC., *et al.*,

                             Defendants.

16-CV-2258 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

    Plaintiff Adam Sandler filed the initial complaint in this action against Albert Einstein College of Medicine, Inc.; Montefiore Health System, Inc.; Montefiore Medical Center; Montefiore Medicine Academic Health System, Inc.; and Dr. Reza Yassari (collectively "Defendants") on March 28, 2016. He asserted claims of race discrimination under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and religious discrimination under New York State Human Rights Law, N.Y. Exec. Law § 296, *et seq.*, and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, *et seq.*, along with other New York State and City causes of action. (Dkt. No. 1 ("Compl.").) Defendants answered the complaint on May 27, 2016. (Dkt. No. 7 ("Answer").) Currently pending before the Court are two motions for leave to file an amended answer in this action. (Dkt. No. 17; Dkt. No. 30.) For the reasons that follow, both motions are granted.

**I.    Background**

    Plaintiff was formerly a resident in a neurosurgery residency program where he worked under Dr. Reza Yassari, the residency program director at the relevant time. (Compl. ¶¶ 1-2.) Plaintiff's Complaint alleges that, "on at least five occasions . . . Yassari threw Sandler out of the [operating room ("OR")] during surgery," and that "Sandler was the only resident Yassari ever

1

threw out of the OR during Sandler's residency." (Compl. ¶ 92.) In answering this allegation, Defendants "admit[ted] that Plaintiff is the only resident whose deficiencies reached the level where Dr. Yassari asked him to leave the OR during a surgery." (Answer ¶ 92.) After filing the Answer, however, Defendants learned that Dr. Yassari had, in fact, asked other residents to leave the OR during a surgery. (Dkt. No. 18 at 1-2.) Defendants therefore seek to amend their answer to deny the allegations in Paragraph 92 in their entirety. (*Id.*)

Defendants also seek to amend their answer to add an after-acquired evidence defense based on Dr. Yassari's discovery of Plaintiff's alleged fraudulent reporting of his participation in certain surgical cases. (*See* Dkt. No. 31.)

Plaintiff opposes both requests. (*See* Dkt. No. 21; Dkt. No. 34.)

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 15(a), after a responsive pleading has been served, leave to amend a complaint should be "freely given when justice so requires." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003) (quoting Fed. R. Civ. P. 15(a)). "[T]his mandate is to be heeded." *Infinity Headwear & Apparel, LLC v. Jay Franco & Sons, Inc.*, No. 15 Civ. 1259, 2016 WL 5372843, at *5 (S.D.N.Y. Sept. 26, 2016) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (internal quotation marks omitted). Moreover, "[i]t is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Lin v. Toyo Food, Inc.*, No. 12 Civ. 7392, 2016 WL 4502040, at *1 (S.D.N.Y. Aug. 26, 2016) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)) (internal quotation marks omitted).

In deciding whether to grant a motion to amend a pleading, courts consider: "(i) whether the party seeking the amendment has unduly delayed; (ii) whether that party is acting in good faith; (iii) whether the opposing party will be prejudiced; and (iv) whether the amendment will

2

be futile." *Gorman v. Covidien Sales, LLC*, No. 13 Civ. 6486, 2014 WL 7404071, at *2 (S.D.N.Y. Dec. 31, 2014). "[T]he rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Id.* (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (internal quotation marks omitted)).

Because Defendants' second motion to amend was filed outside of the timeframe prescribed in the Court's scheduling order (Dkt. No. 14), the Court also considers, for that motion, whether there is "good cause" for the request. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (citing Fed. R. Civ. P. 16(b)(4)).

### III. Discussion

#### A. Paragraph 92 Allegations

Defendants seek leave to amend their answer to deny all allegations in Paragraph 92 of the Complaint. Plaintiff does not object to this amendment on one condition: that Yassari be stipulated as the source for both the initial and amended versions of the paragraph. (Dkt. No. 21 at 2.)

According to Plaintiff, counsel for Defendants identified Dr. Yassari as the source for both the initial and revised versions of Paragraph 92. (*Id.* at 4.) Yet after the exchange of several draft stipulations to amend the answer, Defendants object to the inclusion of the attribution. (*Id.* at 4-5.)

Plaintiff's sole objection to Defendants' motion to amend its response to Paragraph 92 is that Defendants acted in bad faith in refusing to stipulate that Dr. Yassari was the source of the relevant information and seek to amend their answer in an attempt to "shield Yassari from scrutiny." (*Id.* at 6.) Yet Defendants have already identified Dr. Yassari as the source of the

3

relevant information, and Plaintiff provides no reason why he cannot use the discovery process, including interrogatories and depositions, to confirm Defendants' representation.

The Court does not agree with Plaintiff that Defendants' refusal to sign Plaintiff's proposed stipulation "is the sort of purely tactical decision that . . . reflect[s] bad faith" and justifies denying leave to amend. (Dkt. No. 21 at 7.) Nor does the proposed amendment "present[] new facts and allegations so contradictory to [Defendants'] earlier pleading[] as to indicate bad faith." *Kant v. Columbia Univ.*, No. 08 Civ. 7476, 2010 WL 807442, at *4 (S.D.N.Y. Mar. 9, 2010). Rather, the proposed "minor amendment" reflects Defendants' realization that their initial response to the allegation contained in Paragraph 92 was inaccurate, and Plaintiff points to no requirement in Rule 15 or elsewhere that, in seeking to amend their answer, Defendants must identify the source of the new information. (*See* Dkt. No. 22 at 2-4.)

Accordingly, Defendants' motion to amend the answer (Dkt. No. 17) is granted.

B. **After-Acquired Evidence Defense**

Defendants also seek leave to amend their Answer to add an after-acquired evidence defense. (Dkt. No. 30.) In particular, Defendants note that, "[i]n the process of collecting documents, and responding to Plaintiff's discovery demands," they "learned that Plaintiff . . . logged 241 surgical cases" in the relevant period, "far in excess of the number of surgical cases Plaintiff's co-residents logged during that time period." (Dkt. No. 31 at 2.) Dr. Yassari, at the request of Defendants' counsel, analyzed each of these cases and further determined that "Plaintiff did not actually perform or assist on many of the cases he logged." (*Id.* at 3.)

As such, Defendants seek leave to amend their Answer to add an affirmative defense based on this after-acquired evidence: "Any relief awarded to Plaintiff should be reduced, in whole or in part, based on Plaintiff's misconduct, including Plaintiff's fraudulent reporting of

4

cases in his case logs, which if known while he was employed, would have resulted in termination of his employment." (Dkt. No. 33-1 ¶ 186.)

Plaintiff opposes Defendants' motion on three grounds: (1) futility; (2) undue delay (*i.e.*, failure to show "good cause" pursuant to Rule 16); and (3) bad faith.

First, Plaintiff argues that any amendment would be futile as Defendants had "prior knowledge" of the alleged fraud, which "is fatal to defendants' efforts to resurrect an issue that they deemed insufficiently important at the time to explore further." (Dkt. No. 34 at 7.) "While the Supreme Court has held that after-acquired evidence of employee wrongdoing does not bar the employee's claims of employment discrimination, evidence that the employee would have been terminated for lawful reasons will make certain remedies, such as reinstatement and front pay, unavailable." *Greene v. Coach, Inc.*, 218 F. Supp. 2d 404, 412 (S.D.N.Y. 2002) (citing *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 362 (1995)); *see also Matima v. Celli*, 228 F.3d 68, 77 (2d Cir. 2000) (citing *McKennon*, 513 U.S. at 362-63, and finding that "any award of back pay would be limited to the time period between [the employee's] date of discharge . . . and the date [the employer] discovered [the employee's] wrongful conduct").

Because the additional facts asserted in the proposed amendment may serve to limit Plaintiff's relief in this case, the Court concludes that the proposed amendment to the Answer would not be futile.

Plaintiff also argues that Defendants have acted with undue delay such that they fail to satisfy the "good cause" standard of Rule 16. (Dkt. No. 34 at 10-11.) Plaintiff argues that Defendants lack good cause to amend the scheduling order because Defendants possessed the relevant information regarding the case logs long before they sought to amend their answer. (Dkt. No. 34 at 10-11.) However, Defendants plausibly assert that they were unaware of any allegedly fraudulent activity "until Dr. Yassari undertook an exhaustive evaluation and review of

5

each of the 241 cases." (Dkt. No. 38 at 3.) Defendants filed their motion to amend three weeks after this review. (Dkt. No. 30.) Defendants have shown good cause to amend their Answer as the discovery of Plaintiff's alleged misconduct occurred a mere three weeks before Defendants filed their motion for leave to amend. *See Gorman*, 2014 WL 7404071, at *3 (three-week delay not suggestive of "any unwarranted delay or lack of diligence").

Plaintiff also asserts that it will suffer prejudice in terms of delay of the discovery schedule as a result of the amendment. (Dkt. No. 34 at 11.) "A court must consider whether the proposed amendment to the pleading would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or would significantly delay the resolution of the dispute." *Stonewell Corp. v. Conestoga Title Ins. Co.*, No. 04 Civ. 9867, 2010 WL 647531, at *2 (S.D.N.Y. Feb. 18, 2010). But the burden of establishing any prejudice is on the party opposing the amendment. *See Pasternack v. Lab. Corp. of Am.*, 892 F. Supp. 2d 540, 550 (S.D.N.Y. 2012). And while "[a]mendments to pleadings often require some amount of additional discovery and investigation by the parties," that "does not automatically constitute undue prejudice against the party opposing amendment." *Stonewell Corp.*, 2010 WL 647531, at *2. Here, Plaintiff notes that it will need to "seek testimony" from other doctors and will "have to review documents." (Dkt. No. 34 at 11.) This is insufficient to justify denying Defendants' motion to amend. *See Stonewell Corp.*, 2010 WL 647531, at *3 (finding the need for "second depositions" and "further investigation" insufficiently prejudicial to justify denying a motion to amend.)

Finally, Plaintiffs argue that Defendants' proposed amendment is retaliatory and made in bad faith. (Dkt. No. 34 at 11-13.) For the reasons stated above, the Court concludes that Defendants did not bring this motion to amend in bad faith, but rather did so after a review of the

6

relevant case logs by Dr. Yassari, on counsel's request, revealed the alleged misconduct that substantiates the proposed after-acquired evidence defense.

Accordingly, Defendants' motion to amend the answer (Dkt. No. 30) is granted.

**IV.     Conclusion**

For the foregoing reasons, Defendants' motions to amend are GRANTED. Defendants are directed to file their amended answer on or before May 29, 2017.

The Clerk of Court is directed to close the motions at Docket Number 17 and 30.

SO ORDERED.

Dated: May 22, 2017
       New York, New York

_____
J. PAUL OETKEN
United States District Judge